IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT ELIEZER MARTINEZ, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 1:CV-16-1474 |
| vs. : | |
| : | (Judge Caldwell) |
| ROBERT STEVENS, *et al.*, : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

I.   *Introduction*

Presently before the court is plaintiff, Albert Martinez's, Motion for appointment of counsel. (ECF No. 19). For the reasons that follow the motion will be denied.

II.   *Discussion*

This is a civil action, not a criminal one. Hence the plaintiff has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Nor can the court compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at

any point of the litigation.  *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion.  At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law."  *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)).  A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim."  *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted).  If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party.  These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.  *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly."  *Id.* at 505 n.10.  However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court

"should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Martinez filed this *pro se* action asserting a First Amendment claim that Defendants, employees of the Adams County Prison, interfered with his ability to practice his religion. Martinez, who is Jewish, asserts that Defendants denied him access to a Rabbi, appropriate religious services and a Kosher diet while housed at the prison. (ECF No. 1, Compl.) Defendants have Answered the Complaint and discovery is set to close on May 22, 2017. (ECF No. 18, Scheduling Order).

In support of his motion for counsel, Martinez argues that he is indigent, the issues in this case are complex and that he has limited access to the law library. He adds that he is presently also a defendant in a criminal action and must allocate a portion of his limited law library time to this action as well as his criminal matter. He adds that his efforts to obtain outside counsel to represent him in this matter have thus far been unsuccessful. (ECF No. 19, Mot. for Counsel).

To date, Martinez's correspondence with the court has been clear and easily understood. His communication is direct and demonstrates a firm grasp of the English language. Martinez's brief in support of his motion for counsel is thorough and complete with legal citation. (ECF No. 20, Br. in Supp. Mot. for Counsel). Although Martinez perceives the legal issues presented in his Complaint as complex, they are not. The merits of his case are rather straightforward. Likewise, although he is indigent and incarcerated, these facts alone do not merit the appointment given this court's liberal construction of *pro*

*se* pleadings.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  Martinez has not suggested why he cannot conduct discovery on his own, like other *pro se* inmates.  Also, he need not be concerned with his limited access to the law library as he may always request an enlargement of time if, and when needed, to respond to a court imposed deadline.  (*Id.*)  At this point in the litigation, there is no evidence that any prejudice will befall Martinez in the absence of court-appointed counsel.  Consequently, his request for counsel will be denied.

        An appropriate order follows.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date:  January 26, 2017